OPINION. Hill, Judge: The petitioner contends that she is entitled to deduct the sum of $5,200 paid by her to Samuel A. Bonder to induce his withdrawal from the partnership as an ordinary and necessary business expense under the provisions of section 23 (a) (1) (A) of the Code and cites the authority contained in A. King Aitkin et al., 12 B. T. A. 692, and Charles F. Mosser, 27 B. T. A. 513, in support of her position. The facts in the two cases on which the petitioner relies differ materially from those presented before us. In the Aitkin and Mosser cases, the remaining partners acquired no increased interests in their respective partnerships by virtue of their payments to the retiring partners. In the Aitkin case, the partnership was dissolved by the withdrawal agreement and the retiring partner took his clients pursuant to an agreement by the remaining partners not to solicit his clients for 1 year. In the Mosser case, the retiring partner received compensation for his withdrawal and in a separate transaction his partnership interest was purchased by others not previously partners. The opinions in both the Aitkin and Mosser cases were premised upon the fact that the remaining partners acquired no assets, tangible or intangible, by the payments made to the retiring partners in excess of their capital accounts and further upon the fact that the benefit of the ^payments made did not extend beyond the year in which the payments were made. Here the facts are different. The partnership agreement under which the parties had operated provided in paragraph 9 as follows: 9. Any partner may withdraw from said partnership at or after the expiration of one year from the commencement thereof, upon giving six months written notice of his intention to so withdraw addressed to the partnership and delivered to their place of business in New York. Such withdrawal shall not effect a dissolution of the partnership which shall be continued by the survivors. The interest of the withdrawing partner shall be determined as of the date of retirement and no allowance shall be made to him in respect of the firm name or of the good will of the business. The retiring partners interest shall be liquidated 25% within three (3) months after the date of retirement and the balance in three (3) equal yearly payments. Any one of the partners could have withdrawn from the business, taking his capital with him. The remaining partners, it is interesting to note, are given the right under the paragraph set out above to continue the business, a valuable right. Bonder did not withdraw under the provisions set out above. On the contrary, he was bought out. Bonder had no desire to withdraw from the business. Harry Sperling was the moving force in this direction. He had threatened to force a dissolution of the partnership, not Bon-der, who evidently felt his interest in the partnership to be worth more than his capital account indicated. We are convinced that the transaction under consideration was no more than the sale of Bonder’s partnership interest to the remaining partners in the business, including the petitioner. It is well established that a partnership interest is a capital asset and that the sale of such an asset results in a capital transaction for tax purposes. Allan S. Lehman, 7 T. C. 1088, affd. 165 F. 2d 383, certiorari denied 334 U. S. 819. Much of the argument and evidence of the petitioner has been directed towards establishing that there existed no good will in the firm name or value in the firm as a going concern. However, we are not convinced that such was the case. Any one of the partners had the right under the partnership agreement to withdraw upon the giving of 6 months’ notice. None of them chose to do so. Certainly Bonder did not, for had he done so he would have been entitled to no more than his capital account computed without allowance for such intangibles as the value of the firm name or the value of the good will of the business. In addition, if he had withdrawn, under the partnership agreement the remaining partners had the right to continue the business under the firm name with the benefit of any good will attaching thereto. That this right had value is borne out by the fact that the petitioner and the other two remaining partners paid a premium of $6,500 to secure Bonder’s interest in the partnership. Bonder sold his interest in the partnership to the remaining partners for the price of $22,500 and, as he testified, made the best possible bargain that he could make in disposing of his interest in the partnership. Therefore, we hold that the entire sum of $22,500 paid to Bonder for his partnership interest, including the $6,500 in excess of his capital account and the petitioner’s share of that amount, to be a capital expenditure. Keviewed by the Court. Decision will he entered for the respondent.